Booker T. Wade Jr.
605 Forest Avenue
Palo Alto, CA 94301
415 378 6250

FILED

2014 JUL -8 P 5: 39

RICHARD W. WIEKING
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re** | Case No. C-14-02795-LHK |
| **Booker T. Wade Jr.** | |
| **Debtor** | **Chapter 11 Case No. 13-50376 SLJ** |
| **Booker T. Wade Jr.** | **Adversary Case No. 14-5061** |
| **Appellant,** | ***EMERGENCY EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER, ORDER TO SHOW CASUE RE: PRELIMINARY INJUNCTION; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPROT** |
| **vs.** | |
| **David Hamerslough, Superior Court of Santa Clara County, State of California** | |
| **Appellees.** | **Date:** July 10, 2014<br>**Time:** 1:30 p.m.<br>**Courtroom:** No. 8  4ᵗʰ Floor<br>**Judge:** Hon. Lucy H. Kohl |

## I.   Introductory Statement

This emergency motion is before the Court in aid of this Court's appellate jurisdiction arising out of a recently filed appeal from an order of the Bankruptcy Court declining to compel a turnover of estate property.

Booker T. Wade Jr., Appellant and Debtor in Possession, seeks temporary and preliminary injunctions enjoining the disposal of property of the estate in violation of the United States Arbitration Act (FAA) and the automatic stay provisions of the Bankruptcy Code. Appellant also seeks relief directing the Bankruptcy Court to accede to rulings of an appointed arbitrator.

Under the FAA, when two parties have agreed, as herein, to submit contractual disputes to binding arbitration, precedents mandate that state and federal courts must accede to the arbitration. Indeed, upon request as herein made, state and federal courts must compel compliance with the

arbitration provisions. Instead, herein, the Bankruptcy Court, with the aid of the state Superior Court, has substituted its and the state court's preferred resolutions of the contractual disputes, ignoring *the arbitrator's past rulings and bypassing the arbitrator* as to unresolved disputes, without findings or conclusions or explanations.

Further, the state court has asserted jurisdiction over *estate property*, the exclusive province of the Bankruptcy Court, and ordered a sale of estate property and distribution of estate sale proceeds, *including Debtor exempt proceeds.*

While the Bankruptcy Court granted stay relief to permit the state court to enter a monetary judgment, the Bankruptcy Court expressly retained the authority to adjudicate any monetary award in the context of the bankruptcy claims process. However, the state court as gone much further: that court not only entered a monetary judgment but also *bypassed the appointed arbitrator and overruled the arbitrator* on all claims previously decided by the arbitrator. Also, the state court has proceeded to execute upon its judgment in violation of the automatic stay. The state court order becomes self-implementing with the issuance of a writ of possession dispossessing Appellant from his residence beginning July 12, 2014.

The Bankruptcy Court has delayed responding to requests and motions to comply with the arbitration provisions or to stay the bankruptcy proceeding, pending appeals to this Court. Thus, pending this Court's consideration of the appeal, pursuant to *Bankruptcy Rules of Procedure*, Rules 7065 and 8005, Appellant seeks injunctive relief to preclude the disposal, sale and distribution of estate and exempt property by defendants. Appellant also seeks a temporary restraining order to stay the bankruptcy case as the Bankruptcy Court has threatened to dismiss or convert the case to one under Chapter 7 as of July 9, 2014, principally given Appellant's position that the Court accede to the arbitration provisions and the arbitrator's rulings.

**TABLE OF CONTENTS**................................................................**3**

  I.   Introductory Statement ....................................................1
      ....

II. Issues Presented........................................................6

III. Jurisdiction...............................................................6

IV. Complaints and Representations...................................6

V. Background..............................................................7

     A. The Settlement Agreement..................................7
     B. Bankruptcy Procedural History............................9
     C. Threaten Actions.............................................10
     D. Pending Appeals.............................................10
     E. Status of the Case...........................................11

VI. Memorandum of Points and Authorities...........................11

A. The FAA is controlling and summarily dispositive...............11

B. This Court has the authority to grant summary injunctive relief.........12

C. The test for injunctive relief is satisfied.............................13

VII.   Bankruptcy Court Motivations......................................16

VIII.  Appellant Has Complied With the Requirements for Issuance
      Of injunctive Relief.................................................17

IX. Conclusion.............................................................17

**Exhibits**

**Proposed Order**

**TABLE OF AUTHORITIES**

Cases

*AT&T Mobility LLC v Conception*, (2011) 131 S.Ct. 1740, 1745......................12, 14

*Circuit City Stores Investments v Adams*, (2001) 523 U.S. 105............................11

*Concrete Machinery Company Inc. v Classic lawn Ornaments* In.,
    843 F.2d 600, 611 (1st Cir. 1988)........................................14

*Colorado River Water Conservation District v. United States*
    (1976) 424 U.S. 800............................................................13

*Connecticut General Life Insurance v New Images of Beverly Hills Inc.*
    321 F. 3d 878, 882 (9th Cir. 2003).......................................17

*Hilton v Braunskill*, (1987) 481 U.S. 770............................................14

*In re Falconridge LLC*, 2007 WL 3332769 (Bankr. N.D. Ill. Nov. 8, 2007)..............15

*Garcia-Mir v Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986).................................14

*GGNSC Louisville Hillcreek LLC*, No. 3:13-CV-752-H
    (W.D. Ky. Dec. 19, 2013).................................................13

*Great Earth Co., Inc. v. Simons*, 288 F.3d 878, 893 (6th Cir. 2002).........................13

*In re G.S.F. Corporation* 938 F.2d 1467 .......................................................13

*In re Grandview Estates Associates Ltd.,* 89 B.R. 42............................................14

*In re Gurga*, 176 B.R. 196, 200 (9th Cir. BAP)............................................12

*In re Public Service Company of New Hampshire*, 116 B.R. 347............................15

*In re Saigon Plaza Association LLC*, No.07-4149,
    2007 WL 3357641, at *2, 7 (N.D. Cal. Nov. 5, 2007)...............................12

In re *Mor-Ben Insurance Markets Corp*, 73 B.R. 644 (9th Cir. BAP 1987)................12

*Moses H. Cone Memorial Hospital v. Mercury Construction Corp,*
    (1983) 460 U.S. 1.............................................................11, 13

*Paramedics Electromedicina Comercial, Ltda. v. GE Medical Systems*
    *Information Technologies, Inc.*, 369 F.3d 645, 653 (2d Cir. 2004)...................12

*Nitro-Lift Technologies LLC*, (2012) 133 S.Ct. 500.......................................12, 14

*Ticketmasters LLC v RMG Technologies Inc.,*
     *507 F. Supp. 2d 1096, 1116 (C.D. Cal. 2007)*…… … … … … … … … … … …..17

*Volt Information Sciences Inc. v Board of Regents of*
     *Leland Stanford Junior University* (1989) 489 U.S. 478……….…..................11

*YoungNetDating, 88 F. Supp 2d 287*… … … … … … … … … … … … … … … ….17

<u>Federal Statutes</u>

     8 U.S.C. 158…………………………………………………………....13
     9 U.S.C. Section 3……………………………………………....…………13
     9 U.S.C. Section 4…………………………………………………………10
     11 U.S.C. 362………………………………………………………7, 10
     28 U.S.C. 157(b)……………………………………………………...……6
     28 U.S.C. 1651………………………………………………………13

<u>Federal Rules</u>

Civil Procedure, Rule 65……………………………………………………....17
Local Rule 65-1………………………………………………………………17
Local Rule 7-10………………………………………………………………17

Bankruptcy Rules
     7065………………………………………………………………..2, 17
     8005………………………………………………………………..2, 18

<u>State Statute</u>
*Code of Civil Procedure*, Section 664.6……………………………………11

<u>Other Authorities</u>
2 *Collier Bankruptcy Practice Guide*, Section 39.02[3]…………………………13

## II.  Questions Presented

There are no disputes either in the Bankruptcy Court or the state Superior Court that the Appellant and his ex-partner, Arlene Stevens (Stevens),entered into a property Settlement Agreement and that the agreement provided for dispute resolution by a JAMS Inc. arbitrator. As such, the questions presented are straight-forward:

    1.   Whether the state Superior Court and the Bankruptcy Court are bound by the agreement arbitration terms;

    2.   Whether the state Superior Court may exercise discretion to overrule the arbitrator on some issues and bypass the arbitrator's on other issues; and

    3.   Whether the Bankruptcy Court acceptance and acquiesce to the state court judgment violates the FAA.

As detailed below, Appellant maintains that on Questions 1 and 3, the answers are in the negative and on Question 2, the answer is in the affirmative. As the questions presented involve only legal determinations, the standard for review is *de novo*. *In re Healthcare Systems Inc.,* 396 F.3d 247, 249 (3rd Cir. 2005).

## III. Jurisdiction

This court has jurisdiction over the issues and subject of this motion as follows:

A.  Of  the appeal of the order of the bankruptcy court denying the motion to compel David Hamerslough as custodian to turnover property of the estate, pursuant to 28 U.S.C. 157(b) and 158(a)(1) and Bankruptcy Rule 8005;

B.  Of the adversary proceeding herein pursuant to 28 U.S.C. Section 157(b)(1); and

C.  Of the motion to compel compliance with the arbitration agreement, pursuant to 9 U.S.C. Sections 3 and 4.

D.  Appellant states that this is a "core proceeding" within the meaning of 28 U.S.C. Section 157(b) and that Appellant, a resident of Santa Clara County, California is the debtor in this case having filed on January 22, 2013, its original Chapter 11 petition in the United States Bankruptcy Court for the Northern District of California;

## IV. Complaint, Allegations and Representations

Appellant complains of the defendants and alleges and represents as follows:

A.  Appellant is the debtor in this case having filed on January 22, 2013, its original Chapter 11 petition in the United States Bankruptcy Court for the Northern District of California;

B. David Hamerslough together with associates Stephen Fry and William Healy, are individuals, residents of the State of California, and attorneys who previously represented Stevens and who hold legal fee liens and judgments against Stevens, i.e., creditors of Stevens. They are creditors of a creditor.

C. Prior to the filing of the Chapter 11 petition, Appellant held title and 100% ownership interests in certain real estate property known as 605 Forest Avenue, Palo Alto, CA. As of the petition date, the property became property of the estate and Appellant has certain economic interests in the property that is exempt from collection action by defendants. Also, prior to the filing of the petition, Appellant held 50% interests in the proceeds of a sale of certain real estate property known as 3575 Tripp Road, Woodside, California, proceeds now held by David Hamerslough as custodian.

D. On June 13, 2014, subsequent to the filing the chapter 11 petition, the Appellees and each of them, have threatened to sell or dispose of the Palo Alto property and retain and distribute all proceeds of the sale for the benefit of David Hamerslough, Stephen Fry and William Healy, as creditors of Stevens, a creditor of Appellant. Such distribution would include Appellant's exempt proceeds. The threatened actions are contained in a self-executing Judgment filed in the state court on June 12, 2014;

E. The threatened actions of the defendant are in contravention of and in violation of the provisions of 11 U.S.C. Section 362 and 9 U.S.C. Section 4;

F. On June 26, 2014, Appellant filed a Complaint in the Bankruptcy Court seeking to enjoin defendants from implementing their threats and actions to disposal of estate property and Appellant's exempt property. See Exhibit 7. The Bankruptcy Court has delayed acting upon the request.

G. On June 16, 2014, Appellant filed with the Bankruptcy Court an *Ex Parte Motion* to declare the state court judgment as void insofar as implementation of the judgment will cause the sale and disposition dispose of estate and exempt property. See Exhibit 7. To date, action on the request has been delayed.

H. Unless the defendants-appellees are restrained from continuing the legal action described above, immediate, irreparable injury, loss or damage will result to the Appellant and his creditors

////

### V. **Background**

A.  The Settlement Agreement

Prior to February 2007, Appellant and Stevens maintained a 20-year non–marital business and personal relationship. Upon the breakdown of the relationship, disputes arose as to ownership interests in multiple assets they during their relationship, including residences in Palo Alto, Woodside, California and Tucson, Arizona; a commercial office building in Palo Alto; licensees issued by the Federal Communications Commission for a new FM radio broadcast station at Clarksdale, Mississippi, a new broadcast television station at Topeka, Kansas, cellular telephone licenses for College Station, Texas and Portland, Oregon; and intellectual property rights to certain television programs known as "Wedding Television."

The various claims and counterclaims resulted in state court litigation in a case entitled Arlene Stevens v. Booker T. Wade, Jr., et al, Santa Clara County Superior Court Case No.: 1-07-CV-090284). These claims were resolved in broad terms following two days of on-the-record conversations and negotiations before then-Presiding Judge Jaime Jacobs-May ending on January 23, 2009, as a "Settlement Agreement" which Appellant and Stevens agreed would be binding and which was declared as binding by the Presiding Judge.[1] The terms of the agreement are scattered among discussions and negotiations, often inconsistent, throughout a 117-page transcript. A copy of the reporter's transcript is shown at Exhibit 1. The terms of the agreement included the Presiding Judge appointing a JAMS Inc. arbitrator, Hon. Richard Silver (Ret.), to resolve thirty two potential implementing disputes,[2] including any disputes as to indemnification for any breaches.[3] A number of implementing disputes were presented to Judge Silver. Some of Judge Silver's decisions were favorable to Appellant[4] while others were adverse to Appellant. With the advent of the Great Recession, nearly all the assets of Appellant and Stevens within the ambit of the Settlement Agreement were lost or dissipated, except for the Palo Alto condominium and about $988,600 which now sits in two escrow accounts.

B.  The Palo Alto Condominium

One implementing dispute concerned the Palo Alto condominium. Prior to the filing of the Chapter 11 petition, Appellant held title and 100% ownership interests in certain real estate property

---

[1] See Exhibit 1, Reporter's Transcript at 114:4-26.
[2] See, e.g., Reporter's Transcript at 15:24-28; 16:1-2; 36:25-28; 43:2-4; 44:1-9; 54:1-4; 98:10-16.
[3] Reporter's Transcript, at 72:1-4.
[4] Over Stevens' objections, Judge Silver awarded the Palo Alto office building to Appellant and over Appellant's objections, excused in part defaults by Stevens.

known as 605 Forest Avenue, Palo Alto, CA. As of the petition date, the property became property of the estate and Appellant, age 72, has $175,000 in economic interests in the property that is exempt from collection action by creditors.

The Settlement Agreement provided that the condo would be sold and the proceeds divided between Appellant (40%) and Stevens (60%) and that Appellant and Stevens would share the burden of carrying costs in the same percentages. On May 19, 2010, Judge Silver ruled that because Stevens had defaulted on her obligation to pay her 60% carrying costs of the condo for over a year, the requirement to sell the property, given its then value was expunged and that Appellant would thereafter be entitled to the property solely.  See Exhibit 2.[5]

C.  The Escrow Accounts

Approximately, $988,600 now sits in the two escrow accounts and was in the accounts on the commencement date of the Chapter 11 Petition. The accounts are controlled by David Hamerslough and Stephen Fry, counsel for Stevens. These funds are proceeds of the sale of the Woodside residence of Appellant and Stevens which was owned equally as of the petition commencement date.  Herein, Appellant seeks review of the Bankruptcy Court order denying a motion to compel turnover of 50% of these funds as estate property as not in the best interests of creditors.

D.  Bankruptcy Procedural History

On January 22, 2014, Debtor-Appellant filed his original Chapter 11 petition in the United States Bankruptcy Court for the Northern District of California.  On June 6, 2013, Appellant moved the Bankruptcy Court for approval to reject the Settlement Agreement as an executory contract.  On September 5, 2013, the Bankruptcy Court denied its approval to rejection the Settlement Agreement and concurrently lifted the automatic stay to allow Stevens to return to state Superior Court to seek a monetary judgment as to any non-performed obligations of Appellant. See Order (1) Denying Motion to Reject Executory Contract and (2) Granting Motion for Relief From Stay, Exhibit ___.

On November 26, 2013, Stevens filed in the state court a motion to enforce the Settlement Agreement and award her damages for a host of complaints, including awarding her 100% interest in the Palo Alto condo. On January December 31, 2014, Appellant moved the state Superior Court *inter alia* to take the enforcement motion off its calendar and accede to the arbitrator's decision that Stevens had forfeited any rights to the condo and that the condo need not be sold. Appellant also

---

[5] Judge Silver's order was given orally at a hearing on May 19 2010, as confirmed and reflected in the documentation shown in the exhibit at p.1 of the Hamerslough letter and the email of August 10, 2010. Judge Silver did not respond to the Hamerslough request to rehear the issue.

moved the state court that resolution of any implementation disputes was the sole province of the arbitrator. The state court did not refer the matter the arbitrator. On January 14, 2014, the state court entered in its docket Number 0286-000, a one-line order: "Plaintiff's [Stevens] motion to enforce the Settlement Agreement is GRANTED." The court did not issue findings or conclusions nor did the Court respond to a request for a Statement of Decision as permitted by state rules. In the process, the court bypassed the arbitrator. Six months later, on June 13, 2014, the state court entered a self-implementing judgment which overruled the arbitrator as to the Palo Alto condo and resolved all other outstanding issues in favor of Stevens, bypassing the arbitrator and ordering the disposal of estate property. See Exhibit 4.

On June 26, 2014, Appellant filed a Complaint in the Bankruptcy Court seeking to enjoin Appellees from implementing their threats and actions to disposal of estate property and Appellant's exempt property. To date, the Bankruptcy Court has delayed action on the complaint and a motion to stay the state court self-implementing judgment.

On June 26, 2014, Appellant filed with the Bankruptcy Court an *Ex Parte* Motion to declare the state court judgment as void insofar as implementation of the judgment will dispose of estate and exempt property. To date, the Bankruptcy Court has not acted upon the motion.

On June 11, 2014, the Bankruptcy Court issued to Appellant an Order to Show Cause Re: Dismissal or Conversion (OSC). The OSC fundamentally at par. 6, predicates dismissal or conversion upon a "rewrite" of the Settlement Agreement, given Appellant's inclusion of provisions to retain the Palo Alto condo in his original and revised proposed reorganization plans.

On June 27, 2014, Appellant filed a Motion for Stay with the Bankruptcy Court, requesting the Court to stay the Chapter 11 proceeding pending this Court's review and determination of the appeal herein. The Bankruptcy Court has not acted upon the stay request.

E.  Threatened Actions

On June 13, 2014, subsequent to the filing the chapter 11 petition, the Appellees and each of them have threatened to sell or dispose of the above described property and retain and distribute all proceeds of the sale for the benefit of David Hamerslough as a creditors of Stevens, a creditor of Debtor-Appellant. Such distribution would include Appellant's exempt proceeds. The threatened actions are contained in a self-executing Judgment filed in the state court on June 16, 2014. The threatened actions of the defendant are in contravention of and in violation of the provisions of 11 U.S.C. Section 362 and 9 U.S.C. Section 4;

F. Pending Appeals

In Case No. CV-14-02486 LHK,  Appellant appeals from the order of the Bankruptcy Court holding that his First Revised Proposed Combined Plan of Reorganization and Disclosure Statement filed on April 22 2014, but only insofar as the Bankruptcy Court concludes and denies reorganization under the plan as "patently uncomfirmable" because of the inclusion of the Palo Alto condo.

In this appeal, Case No. CV-14-02795 LHK, Appellant appeals from the order of the Bankruptcy Court declining to compel David Hamerslough to turnover 50% of the proceeds of the Woodside residence.

G. Status of Case

On July 9, 2014 the Bankruptcy Court will hold a hearing on its OSC and is expected to either dismiss the Chapter 11 proceeding or convert the case to Chapter 7. Appellant notes that the United States Trustee has declined to take a position as to the validity of the Settlement Agreement or the arbitration provisions of the applicability of the FAA.

## VI. MEMORANDUM OF POINTS AND AUTHORITIES

A. <u>The FAA is controlling and dispositive.</u>

Courts must enforce arbitration contract provisions according to their terms, *Volt Information Sciences Inc. v Board of Regents of Leland Stanford Junior University,* (1989) 489 U.S. 478; *Circuit City Stores Investments v Adams*, (2001) 523 U.S. 105, 111. *Volt, supra.* The FAA envisions a "liberal federal policy favoring arbitration." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp*, (1983) 460 U.S. 1, 24. The effect of Section 2 is to create a body of federal substantive law on arbitration. *Moses Hospital, supra,* at 24.

Section 4 of the FAA provides that  "a party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. Herein, the Bankruptcy Court has permitted Stevens to refuse to arbitrate the disputes arising under the Settlement Agreement made on the record before the then Presiding Judge which is binding as a written agreement under Section 664.6 of the *California Code of Civil Procedure*. Thus, Appellant seeks injunctive relief herein.

The entire Chapter 11 entire case, including the inclusion of the Palo Alto condo in an original and revised reorganization plans, and the order denying turnover of estate funds, has been predicated erroneously upon the Bankruptcy Court requiring compliance with the Bankruptcy's

Court's interpretations of Appellant's obligations under the Settlement Agreement. See, United States Trustee's Motion to Dismiss or Convert Chapter 11 Case, filed June 10, 2014, at 6, lines 16-19, Exhibit 5 [quoting the Court as maintaining that Debtor is unable to effectuate a plan because Debtor is attempting to "vitiate" the Settlement Agreement (by proposing to comply with the arbitrator's ruling and not sell the Palo Alto condo)]. However, under the Arbitration Act, 9 U.S.C. Section 4, as the Settlement Agreement provided that interpretations and resolution of compliance and implementation disputes were delegated exclusively to the JAMS Inc. arbitrator. As such, the state court and the Bankruptcy Court lack jurisdiction to interpret and order compliance with the Settlement Agreement as they see it. *AT&T Mobility LLC v Conception*, (2011) 131 S.Ct. 1740; *Paramedics Electromedicina Comercial, Ltda. v. GE Medical Systems Information Technologies. Inc.*, 369 F.3d 645, 653 (2d Cir. 2004) (affirming district court's grant of motion to compel).

Recently, the Supreme Court reiterated its decades-long steadfast holding. It held that "when parties commit to arbitrate contractual disputes, it is a mainstay of the FAA's substantive law that interpretation and resolution of disputes under the agreement are to be resolved by the arbitrator, not by a federal or state court." *Nitro-Lift Technologies LLC*, (2012) 133 S.Ct. 500, 503. A disregard of this principle compels a reversal by a reviewing court. *Nitro-Lift, supra*, at 503. Any ramifications or consequential factors under the agreement can only come from the arbitrator. *AT&T Mobility, at* 1747 [holding that rationalizations and judicial hostility toward arbitration are not permitted]. Under *AT&T Mobility*, courts are required to compel compliance with the arbitrator's decision and confirm those decisions. *AT&T Mobility, supra*, at 1748.Despite the foregoing, neither the state Superior Court nor the Bankruptcy Court even acknowledge or address the existence of the arbitration agreement provisions, nor even the FAA provisions. On this basis alone, a disregard of the requirements compels a reversal by this Court. A temporary restraining order is needed to protect the Court's jurisdiction and to protect the property of the estate and Appellant's exempt property, pending this Court's review on the merits. *Nitro-Lift, supra*, at 503.

Courts within the Ninth Circuit have routinely enforced arbitration clauses in prepetition contracts between bankruptcy debtors and their creditors so that non-core claims can be resolved through arbitration. See, e.g., *In re Gurga*, 176 B.R. 196, 200 (9th Cir. BAP); In re *Mor-Ben Insurance Markets Corp*, 73 B.R. 644, 647-49 (9th Cir. BAP 1987); *In re Saigon Plaza Association LLC*, No.07-4149, 2007 WL 3357641, at *2, 7 (N.D. Cal. Nov. 5, 2007); *In re Allen & Hein Inc.*, 59 B.R. 733, 735 (Bankr. S.D. Cal. 1986). Indeed, in a related case involving the Settlement Agreement herein, the Bankruptcy Court referred to Judge Silver for resolution disputes as to entitlement to the

Palo Alto office building.[6] But, herein, the Bankruptcy Court now does not even acknowledge the arbitration provisions, prompting the United States Trustee not to take a position thereupon.

B. This Court has the authority to grant injunctive relief.

This Court has the authority to hear appeals from orders and decrees of bankruptcy judges. 28 U.S.C. 158; 28 U.S.C. 1651. 2 *Collier Bankruptcy Practice Guide*, Section 39.02[3]; *In re G.S.F. Corporation 938* F.2d 1467.

The defendants may argue that the Bankruptcy Court and this Court should decline to exercise its jurisdiction in deference to the state court pursuant to *Colorado River Water Conservation District v. United States* (1976) 424 U.S. 800. But, "abstention from the exercise of federal jurisdiction is the exception, not the rule." *GGNSC Louisville Hillcreek LLC*, No. 3:13-CV-752-H (W.D. Ky. Dec. 19, 2013). The Court concluded that, while state law would govern the standard contract defenses to the arbitration agreement, "[t]he FAA presents a 'liberal federal policy favoring arbitration agreements' that must be taken into account even when stat-law issues are presented." *Id.* (quoting *Moses H. Cone Memorial Hospital. v. Mercury Construction. Corp.*, 460 U.S. 1, 24 (1983). The court concluded that under the FAA, deference to the state court is not an 'exceptional' circumstance to abstain from exercising jurisdiction over this case *Id.* (citing *Colorado River*, 424 U.S. at 817-818). The court further noted that "a district court's injunction of state-court proceedings as to compelling arbitration does not violate the Anti-Injunction Act." *Id.* (citing *Great Earth Co., Inc. v. Simons*, 288 F.3d 878, 893 (6th Cir. 2002).

C. The four part test for injunctive relief has been satisfied.

1. *Section 3 of the FAA expressly empowers and mandates a stay.*

Subject to exceptions and conditions not relevant herein, Section 3 of the FAA provides that this Court *shall* stay a case pending action by the appointed arbitrator in accordance with the terms of the agreement. 9 U.S.C. Section 3. Yet, the state Superior Court has entered a judgment on arbitral issues without reference to the arbitrator and the Bankruptcy Court proposes to adopt the state court judgment, and dismiss or convert the case, without findings, conclusions or explanation as to not acceding to the arbitration provisions.

///

---

[6] See, TV-32 Digital Ventures Inc., Case No. 09-58098, Docket Item 33 [Judge Weissbrodt].

2. *In addition to the FAA, this Court has general authority to stay the case pending appeal.*

While the Section 3 of the FAA provides a summary and dispositive basis for a stay pending appeal, a stay generally can be granted upon a showing of the following four factors which Appellant submits are satisfied, as detailed below.

- Appellant is likely to prevail on the merits;
- Appellant will suffer irreparable harm without a stay;
- Other interested parties will not suffer substantial harm; and
- The public interest will not be harmed.

*Hilton v Braunskill*, (1987) 481 U.S. 770, 776.

All four factors need not be satisfied, only that the Court seek a balance. *Concrete Machinery Company Inc. v Classic lawn Ornaments* In., 843 F.2d 600, 611 (1st Cir. 1988). The first factor is the most important one. *Garcia-Mir v Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986), while the latter three may offset a negative finding on the first. *Garcia-Mir, supra*, 1453.

3. *There is a strong case on appeal as the Bankruptcy Court and the state court lack jurisdiction to adjudicate the Settlement Agreement.*

The entire case, including the order denying turnover of the funds, is predicated erroneously upon the Bankruptcy Court's requiring compliance with the Court's interpretations of Appellant's obligations under the Settlement Agreement. See, e.g., Exhibit 5, United States Trustee's Motion to Dismiss or Convert Chapter 11 Case, filed June 10, 2014, at 6, lines 16-19 [quoting the Court as maintaining that Debtor is unable to effectuate a plan because Debtor is attempting to "vitiate" the Settlement Agreement]. However, under the FAA, Section 4, as the Settlement Agreement provided that interpretations and resolution of compliance and implementation disputes were delegated exclusively to a JAMS Inc. arbitrator, the state court and the Bankruptcy Court lack jurisdiction to interpret or demand compliance with their views of the Settlement Agreement. *AT&T Mobility LLC, supra.*

Just recently, the Supreme Court reiterated its decades-long steadfast holding. It held that "when parties commit to arbitrate contractual disputes, it is a mainstay of the FAA's substantive law that interpretation and resolution of disputes under the agreement are to be resolved by the arbitrator, not by a federal or state court." *Nitro-Lift Technologies LLC*, (2012) 133 S.Ct. 500, 503. A disregard of this principle compels a reversal. *Nitro-Lift, supra*, at 503. Any and ramifications or consequential factors under the agreement must can only come from the arbitrator. *AT&T Mobility, at* 1747 [holding that rationalizations and judicial hostility toward arbitration are not permitted]. Under

*AT&T Mobility*, this Court is required to compel compliance with the arbitrator's decision and confirm those decisions. *AT&T Mobility, supra*, at 1748.

As success on appeal will turn on the application of legal precedents and not factual issues; and as jurisdiction is a fundamental prerequisite to the Court's authority; and as applicable appellate precedents on their face divests the Court of jurisdiction; and as the Court has not detailed a basis for asserting its jurisdiction or accepting state court jurisdiction; Appellant maintains that he has a "strong case on appeal." *In re Public Service Company of New Hampshire*, 116 B.R. 347, 348.

The Bankruptcy Court in denying the motion to compel turnover of the funds, concluded that "the funds are not going anywhere" and that the funds were 'safe' with David Hamerslough as an officer of the Court; and as such, turnover was not in the best interests of creditors. With respects, Appellant maintains that that rationale inverts the best interests of creditors' test which requires a conclusion of fraud or proof of injury to creditors resulting from *actions of Appellant*, not security in the hands of the custodian. See *In re Falconridge LLC*, 2007 WL 3332769 (Bankr. N.D. Ill. Nov. 8, 2007).

Finally, this Court should "freely and as painlessly as possible" grant a stay as the Bankruptcy Court, as all courts, commit error and for any court to foreclose effective reversal of errors by refusing a stay, "…is not only contrary to the spirit of the bankruptcy system but subverts the entire legal process…" *In re Grandview Estates Associates Ltd.,* 89 B.R. 42, 42-43.

*4. Appellant will suffer irreparable injury absent a stay as dispossession and sale of the property will render Appellant without a residence, homeless and without the economic capacity to secure alternative housing.*

The state court's self-implementing order will divest the estate of property and transfer it to a bona fide purchaser without recourse. The order also dispossesses Appellant of his residence and would leave him without the resources and credit worthiness capacity to secure alternative housing. See Declaration of Booker
Wade attached hereto. While money damages alone  may or may not be an irreparable loss as compensatory damages theoretically could be secured, Appellant's lack of capacity to secure alternative housing, even rental housing, would be irreparable and would cause  homelessness and concomitant health damage, matters clearly irreparable. Courts have found that the possible failure of a reorganization plan as a consequence of a stay imposes a significant injury. Compare, *Public Service, supra*, at 350, holding that a stay may impose significant injury. Debtor submits that the reverse is also true.

*5. Substantial harm would not occur to any person*

A stay would maintain the status quo. There are no allegations heretofore that the status quo is causing substantial harm to anyone.[7] Nor could that reasonably be the case. An argument by David Hamerslough or William Healy or Stephen Fry that their interests or the interests of Stevens would suffer substantial harm would be hollow, given that for years prior to the commencement of the case, neither of them had taken any action to resolve entitlement and access to the escrow funds. Also, during a stay, the funds would not decrease in value but in fact will increase in value as the funds continue to earn interest.

*6. The public interest is not affected by granting a stay.*

Unlike cases involving potential injury to members of the public[8] or possible jeopardy to safety of others,[9] no public interest factors are implicated herein. This case involves only Appellant and not even creditors of Appellant, but creditors of a creditor. If anything, the public interest would be harmed absent a stay, as the public perception of the judicial process would be harmed by the Bankruptcy Court disregarding the arbitration provisions of the Settlement Agreement and the decision and role of the appointed arbitrator.

## VII.   Bankruptcy Court Motivations

The Bankruptcy Court has made its decision-making basis clear. The Court has concluded that the underlying litigation in state court between Appellant and Stevens has lasted too long. The Bankruptcy Court faults Appellant for continuing to "re-litigate" issues arising under the Settlement Agreement. But the Bankruptcy Court does not identify any defense, motion or other action by Appellant that has been unreasonable, without merit or has caused unreasonable delay. As to any delay involving the state court proceeding, in opposing stay relief, Appellant argued to the Bankruptcy Court that referring the case to the state court would cause inordinate delay and that the Bankruptcy Court alternatively could more expeditiously resolve the disputes. Also, while acknowledging that the issues presented are "intricate and complex" which of necessity takes time, the Bankruptcy Court notwithstanding, has resolved to impose finality at whatever the costs.

The case is 16 months old. The case has been hijacked by counsel for Stevens, David Hamerslough, Stephen Fry and William Healy, who collectively are seeking to satisfy their legal fee

---

[7]While creditor Hoge Fenton Jones and Appel Inc. has complained that allowing Appellant to prosecute an appeal of its default judgment is unfair, the claim is not that it would case substantial harm. Assuming substantial harm is the argument, this stay request does not seek to judicial approval to an appeal.
[8]*Grandview Estates, supra,* concerning asbestos injuries to tenants.
[9]*Garcia-Mir v Meese, supra,* concerning health of refugees.

liens and judgments against Stevens, i.e., to recover legal fees owed to them by Stevens. The bankruptcy case is supposed to be about Appellant and his creditors. Instead, the case has become a forum for creditors of a creditor to seek compensation, to the detriment of Appellant and his creditors.

With respects to the Bankruptcy Court, finality is not an end in and of itself. Finality exists to serve practical purposes in a world of limited resources. Appellant submits that finality should not justify ignoring issue-dispositive controlling precedents nor should finality trump substantial justice.

## VIII.   Compliance with Procedural Requirements

Appellant has complied with Fed. R. Civ. P. 65, Bankruptcy Rule 8005, Local Rules 65-1 and 7-10 for issuance of an *ex parte* TRO and an Order to Show Cause why a preliminary injunction should not issue. Appellant has submitted a declaration and other evidence showing that he will be irreparably harmed without an order restraining Defendants from disposal and sale of the property.

Fed. R. Civ. P. 65 (c) provides that a bond be posted "in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." A bond "may not be required, or may be minimal, when the harm to the enjoined party is slight or where the movant has demonstrated a likelihood of success." *Ticketmaster L.L.C. v. RMG Techs., Inc.*, 507 F. Supp. 2d 1096, 1116 (C.D. Cal. 2007); see also *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878,882 (9th Cir. 2003) ("bond amount may be zero if there is no evidence the party will suffer Damages from the injunction."); *YourNetDating, LLC*, 88 F. Supp. 2d at 872 (no bond required for TRO against hacker who violated the statute).

Herein, there is virtually no prospect that any of Appellee's legitimate interests would be impinged by an order requiring them to comply with the arbitration provisions and/or the automatic stay provisions and because the escrow funds currently earn interest and under the arbitrator's ruling, the Appellees are not entitled to sell the property. However, if the Court requires that a bond be posted, Appellant submits that the bond should not exceed one hundred dollars ($100) because that amount is more than sufficient to account for the unlikely possibility that Defendants would be "wrongfully enjoined or restrained." Fed. R. Civ. P. 65 (c).

### IX. Conclusion

Appellant has demonstrated an indisputable likelihood of success on the merits of his claims as the state court and the Bankruptcy Court have neglected to acknowledge let alone comply, with the provisions of the FAA. Appellant has also demonstrated that absent injunctive relief, Appellant

will suffer irreparable injury beyond economic injury and that the balance of hardships favors Appellant. Further, the public interest strongly favors granting injunctive relief. Finally, Appellant has complied with the procedural requirements for issuance of a temporary restraining order and an order to show because why a preliminary injunction should be issued.

Wherefore, Appellant prays, pursuant to Rule 65 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 7065, and under Bankruptcy Rule 8005, for a temporary restraining order, restraining the defendants and each of them and their attorneys, agents and employees and successors from selling or disposing or taking possession of the above described property and further, the Appellant prays for preliminary and permanent injunctions enjoining the defendants, their attorneys, agents, employees and successors from selling of disposing of the property or taking possession of the property.

July 8, 2014

Booker T. Wade Jr., Appellant

Booker T. Wade Jr.
605 Forest Avenue
Palo Alto, CA 94301
415 378 6250

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re** | **Case No. CV-14-02795** |
| **Booker T. Wade Jr.** | **Chapter 11 Case No. 13-50376 SLJ** |
| **Debtor** | |
| **Booker T. Wade Jr.** | **Adversary No. 14-5061** |
| **Appellant,** | |
| **vs.** | |
| **David Hamerslough,** **Santa Clara County Superior Court,** | |
| **Defendants.** | |

### Appellant Declaration as to Immediate and Irreparable Injury

I, Booker T. Wade Jr. declare as follows:

1. Declarant is the debtor and Appellant herein.

2. Unless said defendants David Hamerslough, Stephen Fry and William Healy and the Santa Clara County Superior Court are restrained from dispossessing Appellant and selling or disposing of the property set forth in the complaint, immediate and irreparable injury, loss or damage will result to the Appellant including the loss of his residence and exempt equity in that the defendants' action denies the Appellant the protection afforded to him pursuant to 11 U.S.C. Section 362 and his undisputed exemption;

3. The injury, loss and damage will result before notice can be provided and hearing held on the request for the temporary restraining order in the complaint;

4.  On July 9, 2014, Declarant caused to be provided to defendants notice that this adversary proceeding had been filed and further informed defendants that declaring would move for a temporary, preliminary and permanent restraining orders on or before July 8__ 2014, before a judge of this court; of the objectives of said restraining orders; and that defendants would be given an opportunity to be heard before the district court judge.  Additionally, notice was caused to be delivered to defendants via next day delivery a copy of this pleading.

5.  I have prepared and read the foregoing pleading and state that the factual information continued there is true.

I declare under penalty of perjury under the laws of the United States that the factual matters stated herein are true.

July 8, 2014

Booker T. Wade, Jr.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

In re                                              | Bankruptcy Case No. 13-50376
                                                   | Chapter 11
                                                   |
                                                   | Adv. Proc. Case No. _____
Booker T. Wade Jr.                                 |
                                                   | District Court Case No. _____
                                                   |
Debtor                                             |
                                                   |
_____ |

**Order Granting Temporary Restraining Order and Setting Hearing**
**on Motion for Preliminary Injunction as to Disposal and Dispossession of Property**
**in Violation of Automatic Stay and U.S. Arbitration Act**

Upon the motion of Appellant dated the 8th day of July 2014 it clearly appearing from said motion and attached declaration that unless defendants David Hamerslough, Stephen Fry, William Healy and the Santa Clara County Superior Court are stayed and enjoined from the dispossession and selling or disposing of certain property to wit: 605 Forest Avenue, Palo Alto, California, immediate, irreparable injury, loss or damage will result to the Appellant and his creditors in that Appellant will be denied the protection afforded him pursuant to 11 U.S.C. 362 and 9 U.S.C. 4  and will result in the loss of property of the estate and that such temporary restraining order should be issued; and that no bond be required pursuant to Bankruptcy Rule 7065; IT IS

ORDERED, that a hearing to determine whether or not to grant a preliminary and/or permanent injunction shall be held before the undersigned judge in Room _____ on July _____, 2014, at _____ __m. and it is further

ORDERED, that unless otherwise ordered by this court that David Hamerslough, Stephen Fry and William Healy and the Santa Clara County Superior Court and their agents, employees, attorneys and successors are hereby restrained from causing the dispossession of Appellant Booker T. Wade Jr. from, or selling or disposing of the above described property.

Entered this _____ day of July 2014 at _____ o'clock___a.m./p.m.

By the Court

_____
Judge, United States District Court

-28-

**Proof of Service**

I, Randall Martin, certify that I am over the age of 18 and that my business address is 719 Woodside Way, San Mateo, CA 94404. On or before the date shown below, I caused delivery via overnight mail to be made of a copy of the foregoing to

Wendy Smith
Binder & Malter
2775 Park Avenue
San Jose, CA 95050
(408) 295-1700
       Counsel for David Hamerslough

Consumer Law Section – Bankruptcy Notices
Office of the California Attorney General
455 Golden Gate Avenue Suite 11000
San Francisco, CA 94102-7004
(415) 703-5500

and on the same day I deposited in the U.S. Mail, first class postage prepaid, copies of the foregoing pleading and addressed to the following:

Stephanie Oaks
Hoge Fenton Jones &Appel Inc.
60 South Market Street #1400
San Jose, CA 95113

Mlnarik Law Group Inc.
2930 Bowers Avenue
Santa Clara, CA 95051

Christopher McDermot
Casey O'Connell
Pite Duncan, LLP
4375 Jutland Drive, Suite200
PO Box 17933
San Diego, CA 92177-0933

Stephen Fry Esq.
206 Sacramento St,
Nevada City, CA 95959
(530) 264-7224

July 8, 2014

Randall Martin