UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE BOOKER T. WADE JR., <br><br> Debtor, | Case No.: 14-CV-02795-LHK <br><br> ORDER DENYING EMERGENCY *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER |

Before the Court is an Emergency *Ex Parte* Motion for a Temporary Restraining Order, *see* ECF No. 3, brought by Booker T. Wade, Jr. ("Appellant," "Debtor," or "Wade"), who has appealed from Bankruptcy Judge Stephen L. Johnson's Order Denying a Motion to Compel the Custodian to Turnover Property of the Estate, *see* ECF No. 1. For the reasons stated below, the Court DENIES Appellant's Motion.

I.   **BACKGROUND**

Appellant filed a pro se petition for Chapter 11 bankruptcy in Bankruptcy Court on January 22, 2013. Arlene Stevens, who had a long-term business and personal relationship with Appellant, moved the Bankruptcy Court for relief from the automatic stay that results from the commencement of bankruptcy proceedings. Meanwhile, Appellant filed a Motion to Reject Executory Contract in an attempt to undo a contract with Ms. Stevens.

1

Case No.: 14-CV-02795-LHK
ORDER DENYING EMERGENCY *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER

On September 5, 2013, the Bankruptcy Court issued an Order Denying Motion to Reject Executory Contract and Granting Motion for Relief from Stay. That Order describes background that is instrumental to understanding the instant Motion:

> Prior to 2009, Debtor and Stevens] were engaged in litigation in the Santa Clara Superior Court and San Mateo County Superior Court. Subsequently, the two actions were consolidated. Over the course of two and a half days, the parties to the litigation, Wade and Stevens, negotiated a comprehensive settlement, under the supervision of Judge Jamie Jacobs-May. Both Debtor and Stevens were represented by counsel in that negotiation. At the conclusion of the negotiation, Judge Jacobs-May put the settlement the parties reached on the court's record. The transcript of that resolution (the "Transcript") runs 116 pages, and was attached as Exhibit 1 to the Rejection Motion. Although a written version of the Settlement was not signed by the parties, both Debtor and Stevens agreed that the terms of the Settlement are embodied in the 116-page transcript of the settlement conference, dated January 21, 2009.
>
> From a reading of the Settlement, it becomes clear Debtor and Stevens were personally and romantically involved for many years. During that time, they acquired individually and together, as well as through certain closely held businesses, both real and personal property. They also participated in the operation of certain businesses, including Wedding TV, a television station, KMTV. Finally, they owned certain transmission licenses and equipment. The Settlement clearly evinces the parties' intention to resolve their disputes, divide their properties and part ways--for good.
>
> To summarize the parties' 116 page settlement discussion is challenging and unnecessary in this context. The major points of agreement were these: Stevens would sell real property at 3515 Tripp Road, Woodside, California, and Debtor would sell real property at 1010 Corporation Way, Palo Alto, and 605 Forest Avenue, Palo Alto. Stevens would keep the proceeds of the Woodside Property. Debtor would keep the proceeds of the Forest Avenue Property. Stevens and Debtor would split the proceeds of the Corporation Way property 60%-40%.
>
> In addition, Debtor took certain broadcast equipment, and agreed to pay Stevens $300,000 for that equipment by giving her a promissory note. The broadcast licenses held by the parties or their affiliates would be sold and the proceeds distributed to Stevens and Debtor 70%-30%.  Stevens was granted ownership of certain broadcasts of Wedding TV, a program produced by the parties, and Debtor agreed to deliver to Stevens the digital computer equipment on which those episodes were recorded. The parties retained their personal effects, and agreed to split furnishings based on ownership and use.  The parties agreed to present any disputes about their Settlement to Judge Silver, a JAMS arbitrator who had worked with them previously.
>
> The parties also agreed to prepare a final settlement document reflecting the terms of their deal. They also agreed, however, that if no final settlement agreement was drafted, that they would be bound by the deal they placed on the record.
>
> According to the declaration of David Hamerslough, Stevens' state court counsel, the Settlement has been complied with in material respects by Stevens. Among other things, Stevens sold the real property located 3575 Tripp Road, Woodside, California, and deposited $620,000 in proceeds in a separate bank account, pending

2

Case No.: 14-CV-02795-LHK
ORDER DENYING EMERGENCY *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER

    further order from the state court. Stevens also sold cellular licenses. Counsel is holding $176,000 in funds pending further order from the state court. 1010 Corporation Way, Palo Alto, California, was foreclosed by the lender representing the Small Business Administration before it could be sold. Debtor did not sell the real property at 605 Forest Avenue, Palo Alto, California. A broadcast license in Topeka, Kansas has not been sold because Debtor was not able to secure the right to sell it from co-owners. Debtor did not give Stevens a $300,000 promissory note.

    Debtor has made several attempts to set aside the Settlement, generally based on perceived unfairness or a lack of impartiality on the part of Judge Jacobs-May or Judge Silver.

    On May 7, 2009, the Superior Court granted Stevens' motion to enforce the Settlement. Debtor moved for a writ of mandamus in the California Court of Appeals but that court denied the writ in an order dated December 2, 2009. The California Supreme Court denied Debtor's petition for review.

    On August 26, 2009, Debtor moved to vacate the Settlement. On November 10, 2009, the Superior Court denied that motion.

    On April 19, 2010, Debtor again moved the Santa Clara Superior Court to vacate the Settlement. The motion was denied by an order docketed on June 17, 2010. The Court of Appeals denied Debtor's petition for a writ of mandamus on September 17, 2010.

*See* ECF No. 3, Ex. 3 (footnotes and headings omitted).

    The Bankruptcy Court denied the Motion to Reject Executory Contract and granted the Motion to Lift the Stay, thereby allowing Stevens' state court actions against Appellant to proceed. The state court entered its judgment resolving the actions on June 13, 2014. ECF No. 3, Ex. 4. That judgment resolved a number of disputes regarding the settlement agreement, but of principal import to the instant Motion, the judgment required that Appellant immediately transfer the property located on Forest Avenue ("the Palo Alto Condo") to Stevens and that Appellant vacate the Palo Alto Condo within 30 days. *Id.*

    Meanwhile, on May 6, 2014, Appellant moved the Bankruptcy Court to compel Stevens' counsel to turnover property of the estate stemming from the sale of a property unrelated to the Palo Alto Condo. The Bankruptcy Court denied this motion. It is from the Bankruptcy Court's denial of that motion, which appears unrelated to the instant Motion, that Appellant appealed to this Court, creating the instant case. *See* ECF No. 1.

    Subsequently on July 9, 2014, Appellant filed the instant Motion in this Court. *See* ECF No. 3. Appellant has also made a number of filings before the Bankruptcy Court seeking the same relief as he seeks in the instant Motion. Specifically, Appellant has filed a motion in the Bankruptcy

3

Case No.: 14-CV-02795-LHK
ORDER DENYING EMERGENCY *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER

Court for an order declaring as void the state court judgment because that judgment violates the automatic stay. *See* ECF No. 3, Ex. 7. Appellant has also filed an adversary complaint seeking to enjoin disposal of the Palo Alto Condo as violating the automatic stay and the Federal Arbitration Act. *See* ECF No. 3, Ex. 6.

## II. LEGAL STANDARD

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, *and* that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (emphasis added). The party seeking the injunction bears the burden of proving these elements. *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009).

## III. DISCUSSION

Appellant seeks to stay the effect of the state court's June 13, 2014 judgment.[1] The crux of Appellant's claim is that the arbitrator, rather than the state court, should have resolved disputes regarding the settlement agreement. The Court denies the temporary restraining order because the

---

[1] In the instant Motion, Appellant also seems to seek an order from this Court staying the proceedings pending in the Bankruptcy Court before Judge Johnson while this Court adjudicates the appeal of the Bankruptcy Court's denial of Appellant's motion to compel. *See* ECF No. 3 at 2. However, Appellant has not requested this relief in his proposed order. *Id.* at 28. Moreover, Appellant has not requested a stay from the Bankruptcy Court in the first instance, as the Federal Rules of Bankruptcy Procedure ordinarily require. *See* Fed. R. Bankr. P. 8005 ("A motion for a stay of the judgment, order, or decree of a bankruptcy judge, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance."); *In re Zahn Farms*, 206 B.R. 643, 644 (B.A.P. 2d Cir. 1997) ("We are of the view that we may not consider the merits of the request for a stay pending appeal, because by their own admission, the Debtors have not complied with the duty imposed by FRBP 8005 to present the request for stay first to the bankruptcy judge from whose order the appeal is taken."). Furthermore, Appellants' arguments in the instant Motion are related to the effect of the state court judgment, not the effect of progression of the Bankruptcy Court proceedings. Therefore, the Court cannot find that he has met his burden of proof of establishing the requirements for a stay pending appeal. *In re Yeganeh*, No. 06-2788, 2006 WL 1310447 (N.D. Cal. May 12, 2006) (holding that "[t]he party seeking a stay must satisfy each of these elements": "1. Appellant is likely to succeed on the merits of the appeal. 2. Appellant will suffer irreparable injury. 3. No substantial harm will come to appellee. 4. The stay will do no harm to the public interest.").

4

Case No.: 14-CV-02795-LHK
ORDER DENYING EMERGENCY *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER

Court finds that Appellant is unlikely to succeed on the merits of his claim that the state court judgment was erroneous as such a conclusion is precluded by the *Rooker-Feldman* doctrine.

"*Rooker-Feldman* prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). "If a plaintiff brings a de facto appeal from a state court judgment, *Rooker-Feldman* requires that the district court dismiss the suit for lack of subject matter jurisdiction." *Id.* "It is a forbidden de facto appeal under *Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003).

In the instant case, Appellant seeks to stay the effect of the state court's June 13, 2014 judgment, pursuant to which the Palo Alto condo must be sold. This *Rooker-Feldman* doctrine precludes this Court from reviewing the state court's judgment. Appellant's contention that the fact that the claims resolved by the state court's judgment should have been arbitrated is unavailing. To the extent that Appellant believes the matter should have been arbitrated rather than resolved by the state court, that contention should have been made in a motion to compel arbitration before the state court and in appeals of the state court's order to the state appellate courts to the extent the state trial court committed any error in ruling upon such a motion. This Court is not the appropriate forum in which to litigate that issue. *See Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 202 (4th Cir. 2000) ("Brown & Root took its best shot on its motion to compel arbitration in the state courts. It lost in that effort and now seeks to avoid the *Rooker-Feldman* bar by attempting to recast in various ways what occurred in the state trial court. But no matter how many ways Brown & Root tries to renovate its claim, the result is the same: Brown & Root cannot obtain what amounts to appellate review of a state court decision in federal district court."); *Brown v. Gen. Steel Domestic Sales, LLC*, No. 08-779, 2008 WL 2128057, at *5 n.37 (C.D. Cal. May 19, 2008) (collecting authorities for the proposition that "[f]ederal courts in other circuits have applied the *Rooker-Feldman* doctrine to state court orders granting or denying motions to compel arbitration."). Because the Rooker-Feldman doctrine precludes Appellant from succeeding on the merits of his underlying claim that issues resolved by the state court judgment should have been

5
Case No.: 14-CV-02795-LHK
ORDER DENYING EMERGENCY *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER

arbitrated, the Court cannot conclude that Appellant is likely to prevail. Accordingly, Appellant has not satisfied the first element that he must establish for a temporary restraining order to issue.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Appellant's Emergency *Ex Parte* Motion for Temporary Restraining Order.

**IT IS SO ORDERED.**

Dated: July 10, 2014

_____
LUCY H. KOH
United States District Judge