UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| BOOKER T. WADE, JR.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>OFFICE OF THE U.S. TRUSTEE/SJ,<br><br>　　　　　Defendant. | Case No.:14-CV-02795-LHK<br><br>**ORDER DENYING MOTION TO REOPEN CASE**<br><br>Re: Dkt. No. 9 |

Before the Court is a motion to reopen case filed by Mr. Booker T. Wade ("Appellant"). ECF No. 9. Having considered Appellant's arguments and the record in this case, the Court DENIES Appellant's motion to reopen, for the reasons stated below.

## I. BACKGROUND

The Court must discuss Appellant's history and timing of litigation in this and related matters because such history and timing are relevant to the merits of Appellant's instant motion to reopen.

### A. Appellant's Multiple Bankruptcy Appeals

Appellant is an active litigant before this Court. Indeed, the instant appeal is one of four that Appellant has filed with this Court regarding Appellant's Chapter 7 bankruptcy in U.S. Bankruptcy Court. *See In re Booker*, 13-BK-50376. The Court briefly summarizes Appellant's

1

Case No.: 14-CV-02795-LHK
ORDER DENYING MOTION TO REOPEN CASE

four appeals below.

Appellant's filed his first appeal on May 21, 2014. *See* Case No. 14-CV-2351, ECF No. 1. Appellant appealed a May 7, 2014 order of the Bankruptcy Court entitled: "Order Denying Approval of Disclosure Statement." *Id*. Between May 21, 2014 and December 10, 2014, no action was taken in this matter. On December 10, 2014, this Court ordered Appellant to show cause as to why the appeal should not be dismissed for failure to prosecute. *See* ECF No. 3. The Court also set a hearing for the order to show cause on January 8, 2015. *Id*. After Appellant failed to respond to the order to show cause and failed to appear at the scheduled hearing, the Court dismissed the appeal for failure to prosecute. ECF No. 5.

Appellant filed his second appeal—the appeal at issue in this order—on June 17, 2014. *See* ECF No. 1. Appellant appealed a June 11, 2014 order of the Bankruptcy Court entitled: "Order Denying Motion to Compel Custodian to Turnover Property of the Estate." *Id*. Also on June 17, 2014, the Clerk of the Court issued a scheduling order instructing the parties to perfect the record on appeal pursuant to Rules of Bankruptcy Procedure 8006 and 8007.[1] ECF No. 2. Beyond filing a designation of items to be included on the record, *see* ECF No. 1, Appellant has not taken steps to perfect the record as required by the scheduling order and Rule 8006. Instead, on July 8, 2014, Appellant filed an emergency ex parte motion for a temporary restraining order. ECF No. 3. The Court denied Appellant's ex parte motion on July 10, 2014. ECF No. 4. Between July 10, 2014 and December 10, 2014, no action was taken in this matter. On December 10, 2014, the Court

---

[1] Rule 8006 provides an appellant 14 days after the filing of a notice of appeal to file a designation of the items to be included in the record on appeal. Fed. R. Bankr. P. 8006. The Rule also provides that once any party files a designation of the items to be included in the record, the party "shall provide to the clerk a copy of the items so designated or, if the party fails to provide the copy, the clerk shall prepare a copy at the party's expense." *Id*. In addition, the Rule requires that any party who designates a transcript for inclusion in the record on appeal "immediately . . . file with the clerk a written request for the transcript and make satisfactory arrangements for payment of its costs." *Id*. Appellant filed a designation of items to be included in the record on appeal, *see* ECF No. 1, at 12-13, but appears to have not provided the Clerk a copy of the designated items, nor has the Clerk prepared copies at Appellant's expense. In addition, even though Appellant included two transcripts in his record designation, *see* ECF No. 1, at 13, Appellant has not filed a written request for either transcript, or made arrangements for the payment of their costs.

ordered Appellant to show cause why his appeal should not be dismissed for failure to prosecute. ECF No. 5 ("Order to Show Cause"). The Court ordered Appellant to file a response to the Court's Order to Show Cause by December 31, 2014. *Id*. The Court also set a hearing on the Order to Show Cause for January 8, 2015, at 1:30 p.m. *Id*. The Court further stated that Appellant's failure to respond to the Order to Show Cause and to appear at the January 8, 2015 hearing would result in dismissal of his appeal for failure to prosecute. *Id*. Appellant failed to file a response to the Order to Show Cause, and similarly failed to appear at the Order to Show Cause hearing on January 8, 2015. On January 8, 2015, the Court dismissed the instant appeal for failure to prosecute. ECF No. 7.

Appellant filed his third appeal on July 30, 2014. *See* Case No. 14-3453, ECF No. 1. Appellant appealed a July 15, 2014 order of the Bankruptcy Court entitled: "Order Converting Case to Chapter 7." *Id*. On October 3, 2014, Appellant filed an emergency ex parte motion to stay and motion to compel arbitration, ECF No. 3, which this Court denied on October 9, 2014, ECF No. 5. On October 22, 2014, Appellant appealed this Court's order denying the emergency ex parte motion to the Ninth Circuit. ECF No. 7.

Finally, Appellant filed his fourth appeal on December 24, 2014. *See* Case No. 14-CV-5628. ECF No. 1. Appellant appealed a December 10, 2014 Bankruptcy Court order entitled: "Order Denying Emergency Ex Parte Motion to Compel Arbitration and Motion for Stay." *Id*.

### B. Appellant's Motion to Reopen This Appeal

As previously discussed, Appellant filed the instant appeal on June 17, 2014. ECF No. 1. On December 10, 2014, the Court issued an order to show cause instructing Appellant to (1) file a response by December 31, 2014 as to why the Court should not dismiss Appellant's appeal for failure to prosecute, and (2) ordering Appellant to appear at a January 8, 2015 hearing regarding the Order to Show Cause. ECF No. 5. Appellant failed to file a response to the Order to Show Cause, and similarly failed to appear at the Order to Show Cause hearing on January 8, 2015. Accordingly, on January 8, 2015, the Court dismissed the instant case for failure to prosecute.

ECF No. 7.

On January 20, 2015, Appellant filed the instant motion to reopen. ECF No. 9. Appellant stated that beginning about December 16, 2014 and lasting until about December 27, 2014, Appellant experienced "intermittent lower abdominal pain." *Id.* at 2. On January 3, 2015, Appellant's pain became severe, and Appellant went to the hospital. *Id.* Appellant was released from the hospital on January 5, 2015, and experienced "increased incapacitating pain that persisted through January 12, 2015." *Id.* Appellant states that his "failures to file a responsive pleading and to appear the hearing" for the Order to Show Cause were due to his "medical incapacitation" as detailed above. *Id.* Appellant requests that the Court grant the motion to reopen, vacate the Court's order of dismissal for failure to prosecute, and reinstate Appellant's appeal. *Id.* at 1.

In support of his motion, Appellant attached a statement from Appellant's physician that Appellant claims supports his claim of incapacitation. ECF No. 9 at 2. The attached medical statement is a letter from Appellant's physician which states that the Appellant "was in the hospital January 3 – January 5, 2015" and "will be unable to return to work or administrative duties until January 12, 2015 due to medical illness." *See id.*

## II. ANALYSIS

Pursuant to Federal Rule of Civil Procedure 60(b), a Court may grant a party relief from an order or judgment where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that by due diligence could not have been discovered before the Court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; (6) any other reason justifying relief. *See* Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Whether to grant a party relief pursuant to Rule 60(b) is within the district court's discretion. *Towery v. Ryan*, 673 F.3d 933, 940 (9th Cir. 2012). Here, Appellant does not provide any argument regarding the first five factors in Rule 60(b). Therefore, the only basis for granting Appellant relief is for "any other reason justifying relief." Fed. R. Civ. P. 60(b).

4

As a preliminary matter, the Court notes that Appellant's motion to reopen does not address why Appellant failed to take any action in the instant appeal since early July 2014. Indeed, the instant motion to reopen is the first filing Appellant has made in this matter in over six months.

In addition, although Appellant claims he suffered "medical incapacitation" during 12 days in December, the Court notes that Appellant persisted in making filings in related matters during that time. Specifically, although Appellant states he was in intermittent pain from December 16, 2014 to December 27, 2014, during that 12-day period Appellant (1) filed on December 17, 2014 a motion to compel arbitration before the Bankruptcy Court[2]; and (2) filed on December 24, 2014 a notice of appeal of a different Bankruptcy Court order.[3] In short, even though Appellant claims "medical incapacitation" should excuse Appellant's failure to file a response to this Court's Order to Show Cause, the fact that Appellant made filings in other matters belies Appellant's claimed incapacitation.

Furthermore, even if Appellant was correct that he suffered a "medical incapacitation" between December 16, 2014 and December 27, 2014, the Court ordered Appellant to respond to the Order to Show Cause on December 31, 2014, which was *after* Appellant's claimed incapacitation. Similarly, the hearing on Appellant's Order to Show Cause was scheduled for January 8, 2014, *after* Appellant's period of hospitalization from January 3, 2015 to January 5, 2015. Moreover, Appellant made no effort to contact the Court in advance of his response date or his hearing. Appellant's recent medical issues also fail to explain why Appellant has failed to perfect the record in the instant appeal pursuant to the case scheduling order issued on June 11, 2014. Other than filing a designation of the items to be included in the record on appeal, Appellant appears to have taken no steps to file copies of designated items with the Clerk, or filed requests for transcripts, as required by Rule 8006 since June 2014. Finally, Appellant's excuse for not appearing at the Order to Show Cause hearing does not provide a sufficient reason to grant

---

[2] *See* 13-BK-50376, ECF No. 269.
[3] *See* 14-CV-5628-LHK, ECF No. 1.

5

Case No.: 14-CV-02795-LHK
ORDER DENYING MOTION TO REOPEN CASE

Appellant relief. *See Ames v. Pac. W. Fin.*, 937 F.2d 611, 611 (9th Cir. 1991) (finding that a party's claim that he was "ill with the flu around the time" of the relevant court hearing and was having transportation difficulties "did not provide a basis for Rule 60(b) relief"). In short, Appellant does not offer a reason that would justify granting Appellant relief from this Court's order of dismissal. *See* Fed. R. Civ. P. 60(b).

For the foregoing reasons, Appellant's motion to reopen is DENIED.

**IT IS SO ORDERED.**

Dated: February 2, 2015

_____
LUCY H. KOH
United States District Judge